## REUBEN S. DENNY *vs.* JOHN W. LINCOLN.

A master in chancery, after reciting that attachments had been laid on the estate of an insolvent debtor, by A. and B., and by certain other persons whose names were to him unknown, passed an order that said attachments should survive, according to the provision of *St.* 1841, *c.* 124, § 5; that the assignees should have power to proceed with the suits in which the attachments were made; and that the messenger should give notice to the attorneys in said suits, and to the attaching officers, by serving them with an attested copy of said order: Such service was made on all the attaching officers, and on the attorney of C., an attaching creditor who was not named in the order. *Held,* that C.'s attachment survived, and that the assignees had authority to proceed with C.'s suit against the insolvent debtor.

*It seems* that actual notice to a creditor, of an unrecorded mortgage of the personal property of his debtor, does not debar him from taking such property by attachment or execution: But if any notice will debar him, it must be notice that is full, clear and explicit, so as to designate the specific property bound by the mortgage, by marks and numbers, or other description, capable of identifying it; especially when it is left in the possession of the mortgagor: The notice must express the sum for which the property is bound, and must give substantially the same information as would be given by an inspection of the mortgage deed.

SHAW, C. J. This was an action of trover against the sheriff of Worcester, for certain property which the plaintiff claims, as mortgagee, under a mortgage made to him by Horace B. Tebbetts. The alleged conversion was, that the machinery, thus claimed by the plaintiff, had been seized and sold on an execution that issued on a judgment recovered against said Tebbetts, at the suit of Francis O. Calvert.

The case comes before us on the report of the judge before whom it was tried; it having been taken from the jury, by consent of parties. It appears by the report, that the property consisted of certain worsted machinery, in the factory of Tebbetts in Leicester, mortgaged to the plaintiff, by deed dated December 29th 1845, which was recorded in the registry of deeds for the county of Worcester, January 6th, 1846, and in Leicester town records March 3d 1846, and in Boston

city records March 7th 1846.   The attachment on mesne process, at the suit of Calvert, was made February 9th 1846, in which suit judgment was recovered in Suffolk court of common pleas, July term 1846.   After this attachment, and before judgment, Tebbetts went into insolvency ; Calvert and John G. King, jr. were duly appointed his assignees ; they came into Calvert's suit, and claimed to prosecute the same, and preserve the attachment, for the general benefit of the creditors, pursuant to the provisions of *St.* 1841, *c.* 124, § 5.

The plaintiff denies the right of the assignees thus to come in and prosecute Calvert's action, and preserve the attachment, and insists that, by Tebbett's insolvency, Calvert's attachment was dissolved, and thereby that his, the plaintiff's, mortgage became the prior lien, and was valid.   4 Met. 470.

The objection to the right of the assignees to prosecute under the statutes was founded on the fact, that the order of the master, authorizing them so to prosecute, did not specify the action of Calvert against Tebbetts, by name.   The master, after reciting that Tebbetts had applied to him for the benefit of the insolvent laws, that a warrant had been issued to a messenger, and that certain attachments had been laid upon the property of Tebbetts, by Calvin Foster, Amos Brown and Samuel J. Fox, partners, and others named, " and certain other persons, whose names " were alleged to be by him " unknown," passed an order in these words:   " The said attachments are hereby ordered to survive according to the provisions of the act in addition to an act for the relief of in solvent debtors, passed March 18th 1841 ; and the assignee or assignees, hereafter to be chosen or appointed, shall have power, with the permission of the court or courts, to which said writs are returnable, to proceed with the suits aforesaid, against said Tebbetts, to final judgment and execution ; and the amount recovered, exclusive of costs, shall vest in the assignees.   And the messenger, in the case of said Tebbetts, is ordered to give notice to the attorney or attorneys in the said suits, and to the officers, by whom said attachments were made, by causing them to be served with an attested copy of

this order." The messenger made return on said order, that he had given notice, as therein directed, to the officers by whom the attachments were made, and (among other attorneys) to Joel Giles Esq. attorney for Francis O. Calvert.

It was objected to the plaintiff's mortgage, that it was not recorded, pursuant to the statute, before the attachment, and therefore that the attachment made by Calvert, if regularly pursued, must prevail over the mortgage. It is very clear, that the registration of the deed, being a mortgage of personal property, in the county registry, was inoperative and void. The registrations in the town clerk's office of Leicester, and the clerk's office of Boston, according to the provisions of Rev. Sts. c. 74, § 5, and St. 1843, c. 72, § 2, being the places in which the mortgagor resided, and where he principally transacted his business, were made after the creditor's attachment. The attachment of Calvert, therefore, being first in time, would be prior in right, if it was not void, as against the plaintiff's mortgage, on the ground that the attaching creditor had actual notice of it, and if it was rightly prosecuted to judgment. Both of these points are contested.

The case presents the general question, whether notice in fact of an unrecorded mortgage of personal property debars a creditor from taking such property by attachment or execution. There is no exception in the Rev. Sts. c. 74, § 5, of such actual notice, as there is in reference to a deed of real estate, in Rev. Sts. c. 59, § 28. But the case of *Houghton* v. *Bartholomew*, 10 Met. 138, was strongly urged as a case in which it has been decided, that a person having notice of a sale of an equity of redemption at an officer's auction sale, though not recorded within the time required by law, could not attach against such unrecorded deed ; adhering to the old rule on that subject. Without impugning the authority of that case, we think there are so many and such marked differences between the rules governing the conveyance and transfer of real and personal estate, that it is not safe to rely upon the analogy between them.

We are inclined to the opinion, that an attachment would

hold against the unrecorded mortgage, although the attaching creditor had notice of it, if it were necessary now to decide that question. But in looking at the manner in which the case was reserved, we find that the attaching creditor denied that he had notice of the mortgage under which the plaintiff claims; and it is submitted to the court, as a question of fact, upon the evidence reported for that purpose.

If such notice of the prior mortgage is sufficient, without its registration, we think it must be full, clear and explicit, so as to designate the specific property bound by the mortgage, either by marks and numbers, or other description, capable of identifying it, especially where it is not separated and taken possession of by the mortgagee, but is left in possession of the mortgagor. Such notice must express the amount or sum for which the property was bound, and generally it must give substantially the same information as would be given by an inspection of the deed.

Upon he evidence, the court are of opinion that the notice to the attaching creditor was insufficient to satisfy these conditions. The information given him by the debtor was, that his machinery was mortgaged. In fact, part only was mortgaged; and there was other property, of like kind, in the same mill, which was not mortgaged; and the notice did not distinguish, as the deed would do, what specific part of the whole was bound. It was either imperfect or deceptive. The testimony upon this point comes from Tebbetts, the debtor. He says, " I told Calvert, that I had given a mortgage on my machinery for $5000, and had received $1500 of it. I did not say what machinery. There were articles named in the mortgage which were not in the factory, and other articles in the factory which were not mortgaged. I told him Denny was to furnish me with money on a mortgage of my property in Leicester. I had other machinery in the mill, not mortgaged to Denny, to the amount of three or four thousand dollars." From this, and the whole of the evidence, we are satisfied that the attaching creditor had no definite notice, nothing by which he could distinguish what property specifically was mortgaged; and it fails to satisfy the requisite conditions.

The court are of opinion, that the order passed by the master, *directing that the action, in* which Tebbetts's property was attached, should be prosecuted to judgment, by the assignees, for the benefit of the creditors, designating them by a description sufficient to include Calvert's, though not specified by its title, was sufficient ; it appearing that notice was forthwith given to the officer and attaching creditors' attorneys, including the attorney of the creditor Calvert.

*Judgment for the defendant*

*C. Allen & Hartshorn,* for the plaintiff.

*H. H. Fuller & J. Mason,* for the defendant.